

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 6, 2008

Stephen R. Delinsky, Esq.
Eckert Seamans Cherin & Mellott
1 International Place
Boston, MA  02110

Re:   Island Lath and Plaster, Inc.

Dear Mr. Delinsky:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Island Lath and Plaster, Inc. ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date, Defendant shall plead guilty to the attached Information charging conspiracy to make false statements and false claims on a federal highway project in violation of 18 U.S.C. § 371. Defendant expressly and unequivocally admits that it committed the crime charged in the Information, did so knowingly, intentionally and willfully; and is in fact guilty of that offense.

It is the intention of the parties that this plea will cover Defendant from any and all federal criminal liability in the District of Massachusetts in connection with its participation in:

a.   a scheme to make false statements, representations, reports, and claims to the federal and state highway project known as the Central Artery/Tunnel Project between 2002 and 2006 in the manners described in the attached Information;

b.   any other conduct known to the U.S. Attorney prior to the date of the execution of this Agreement.

Additional criminal activity not alleged in the above-described Information is not covered by the terms of this Agreement. It is incumbent upon Defendant to make a full and complete disclosure to the government regarding additional criminal activity in order to resolve criminal liability for that activity by way of this Agreement if that activity is not already known to the government. The parties agree that the charges in the above-described Information do not relate to the quality of the work performed.

2.   Penalties

Defendant is subject to a fine of $500,000, or twice the gross gain derived from the offense or twice the gross loss to a person other than the defendant, whichever is greatest. See 18 U.S.C. §§ 3571(c) and (d).

The Defendant is also subject to a maximum term of probation of five years and a special assessment of $400. The Court may also order the defendant to pay restitution to the victims of the offense.

3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties agree to take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

a.   The Guideline Manual in effect at the time of Defendant's sentencing should be used in determining Defendant's sentence. See U.S.S.G. § 1B1.11(a).

b.   The calculated offense level is 10, determined as follows:

   (1)   The base offense level under the fraud guideline is six (6) pursuant to U.S.S.G. § 2B1.1(a)(2).

      (2)     The parties take the position that the intended gross loss from the offense is approximately $30,000. This position is based on the fact that the claims packets, as set forth in the Information, included false information from which the Defendant profited. The parties agree that, with respect to the Disadvantaged Business Enterprise fraud allegations in the above described Information, there was no loss. Thus, the intended pecuniary loss from the offense is in excess of $10,000, but less than $30,000, thereby adding 4 levels pursuant to U.S.S.G. § 2B1.1(b)(1)(C).

  c.    The base fine is $30,000, determined as follows:

      (1)     A total base offense level of 10 has a corresponding fine of $20,000 pursuant to U.S.S.G. § 8C2.4(d).

      (2)     Pursuant to U.S.S.G. § 8C2.4(a)(3), the intended pecuniary loss from the offense caused by the organization was approximately $30,000.

      (3)     The base fine is therefore $30,000 pursuant to U.S.S.G. § 8C2.4(a) which requires the greater of the table amount or the pecuniary loss.

  d.    Calculating the Multiplier: 1.4 - 2.8

      (1)     Pursuant to U.S.S.G. § 8C2.5, the culpability score is 8 determined as follows:

          (a)     Base culpability score is 5 pursuant to U.S.S.G. § 8C2.5(a).

          (b)     Add 3 points pursuant to U.S.S.G. §§ 8C2.5(b)(3), in that the organization which committed the offense had 200 or more employees and an individual within substantial authority personnel of the organization participated in, condoned, or was wilfully ignorant of the the offense.

          (c)     Deduct 1 point pursuant to U.S.S.G. § 8C2.5(g)(3).

          (d)     Total culpability score is 7.

      (2)     Pursuant to U.S.S.G. § 8C2.6, the appropriate multiplier range associated with a culpability score of 7 is 1.4 to 2.8.

    e.    Guideline Fine Range: $42,000 - $84,000.

        (1)    Minimum guideline fine is $42,000, determined pursuant to U.S.S.G. § 8C2.7(a) by multiplying $30,000 by 1.4.

        (2)    Maximum guideline fine is $84,000, determined pursuant to U.S.S.G. § 8C2.7(b) by multiplying $30,000 by 2.8.

    f.    The parties agree that (1) disgorgement pursuant to U.S.S.G. § 8C2.9 is not necessary, and (2) that a fine within the applicable guideline range will result in a reasonable sentence taking into consideration all of the factors set forth in 18 U.S.C. §§ 3553(a), 3572.

4.    <u>Sentence Recommendation</u>

The parties agree to recommend that the following sentence is the appropriate disposition in this case:

    a.    A criminal fine in the amount of sixty-five thousand dollars ($65,000) to be paid within one week of the date of sentencing;

    b.    A mandatory special assessment of $400 pursuant to 18 U.S.C. § 3013, which shall be paid to the Clerk of Court on or before the date of sentencing;

    c.    A one (1) year term of probation; and

    d.    Restitution as ordered by the Court.

The U.S. Attorney and Defendant agree that there is no basis for a departure, deviation, or variance from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

In the event of an appeal from, or collateral challenge to, Defendant's sentence (despite the waiver in ¶ 6 below), the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.    <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing.

6.   **Waiver of Rights to Appeal and to Bring Collateral Challenge**

   a.   Defendant has conferred with its attorney and understands that it has the right to challenge both its conviction and sentence on direct appeal. Defendant also understands that it may, in some circumstances, be able to argue that its conviction and/or sentence should be set aside or reduced in a collateral challenge, such as pursuant to a motion under 28 U.S.C. §2255 or 18 U.S.C. §3582(c).

   b.   Defendant waives any right it has to challenge its conviction on direct appeal or in collateral challenge.

   c.   Defendant agrees that it will not file a direct appeal nor collaterally challenge any sentence that is equal to or less than that recommended by the United States Attorney. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement

   d.   This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. §3742(b). Defendant expressly acknowledges that it understands the U.S. Attorney has retained his appeal rights.

7.   **Other Post-sentence Events**

   a.   In the event that, notwithstanding the waiver provision of ¶6, Defendant appeals or collaterally challenges its sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the district court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in ¶6).

   b.   If notwithstanding the waiver provision of ¶6, Defendant seeks re-sentencing, it agrees that it will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing.

   c.   In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this agreement.

8.   **Court Not Bound by Agreement**

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be

imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw its plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw its plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9.  Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning its assets.

10.  Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of its conduct and its plea of guilty to the charges specified in paragraph 1 of this Agreement. The U.S. Attorney agrees to take no position on state or federal regulatory issues regarding suspension or debarment; however, nothing in this Agreement prevents the U.S. Attorney from providing relevant information, upon request, to any state or federal regulatory agency.

11.  Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12.  Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, or has committed any crime following the execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by it of an obligation under this Agreement shall give rise to grounds for withdrawal of its guilty plea. Defendant understands that, should it breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by it, and any information, materials, documents or objects which may be provided by it to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations or the Speedy Trial Act.

13.  **Corporate Authorization**

Defendant's acknowledgment of this Agreement and execution of this Agreement on behalf of the corporation is attached hereto as Exhibit A. Defendant shall provide to the U.S. Attorney and the Court a certified copy of a resolution of the Board of Directors of Island Lath and Plaster, Inc., affirming that the Board of Directors has authority to enter into this Plea Agreement and has (1) reviewed the Information in this case and the proposed Plea Agreement; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into the proposed Plea Agreement; (4) voted to authorize Defendant's counsel to plead guilty to the charges specified in the Information; and (5) voted to authorize the corporate officer identified below to execute the Plea Agreement and all other documents necessary to carry out the provisions of the Plea Agreement. A copy of the resolution is attached hereto as Exhibit B. Defendant agrees that a duly authorized corporate officer shall be present at the guilty plea and will also appear for the imposition of sentence.

14.  **Who Is Bound By Agreement**

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15.  **Complete Agreement**

This letter contains the complete agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Eugenia M. Carris.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*
DIANE C. FRENIERE, Chief
White Collar Crime Section

## ACKNOWLEDGMENT OF PLEA AGREEMENT

The Board of Directors has authorized me to execute this Plea Agreement on behalf of Island Lath and Plaster, Inc. The Board has read this Plea Agreement and the attached criminal Information in their entirety and has discussed them fully in consultation with counsel. The Board acknowledges that these documents fully set forth Island's agreement with the U.S. Attorney. The Board further states that no additional promises or representations have been made to Island by the U.S. Attorney in connection with the disposition of this matter, other than those set forth in the Plea Agreement.

_____
Timothy Stevens, President
Island Lath and Plaster, Inc.

Dated: Nov, 14, 08

I certify that Defendant's Board of Directors has authority to enter into this Plea Agreement and has (1) reviewed the Information in this case and the proposed Plea Agreement; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into the proposed Plea Agreement; (4) voted to authorize Defendant to plead guilty to the charges specified in the Plea Agreement; and (5) voted to authorize Timothy Stevens to execute the Plea Agreement and all other documents necessary to carry out the provisions of the Plea Agreement.

_____
Stephen R. Delinsky, Esq.
Eckert Seamans Cherin & Mellott
Counsel for Island Lath and Plaster, Inc.

Dated: 11/20/08